Opinion filed February 4, 2010











 
 
  
 
 







 
 
  
 
 




Opinion filed February 4,
2010

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-08-00201-CR 

                                 __________

 

                              HOWARD EUGENE TAYLOR, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 385th District Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CR33995

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

The
jury convicted Howard Eugene Taylor of aggravated sexual assault of a child as
alleged in Count 1 of the indictment and assessed punishment at five years
confinement.  The jury also convicted appellant of indecency with a child as
alleged in Count 2 of the indictment and assessed punishment at ten years
confinement and a $2,500 fine.  The trial court suspended the imposition of the
confinement portion of the sentence for indecency with a child and placed
appellant on community supervision.  The trial court did not suspend the
imposition of punishment in Count 1.  We affirm.








In
his first point of error, appellant complains that the evidence was legally and
factually insufficient to support his convictions.  In his fourth point of
error, he argues that his Adue
process rights were violated@
because the jury convicted him with insufficient evidence.  In order to
determine if the evidence is legally sufficient, we must review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307 (1979); Jackson
v. State, 17 S.W.3d 664 (Tex. Crim. App. 2000).  To determine if the
evidence is factually sufficient, the appellate court reviews all of the
evidence in a neutral light.  Watson v. State, 204 S.W.3d 404, 414 (Tex.
Crim. App. 2006) (overruling in part Zuniga v. State, 144 S.W.3d 477
(Tex. Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1, 10-11 (Tex.
Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407-08 (Tex. Crim. App.
1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). 
Then, the reviewing court determines whether the evidence supporting the
verdict is so weak that the verdict is clearly wrong and manifestly unjust or
whether the verdict is against the great weight and preponderance of the
conflicting evidence.  Watson, 204 S.W.3d at 414-15;  Johnson, 23
S.W.3d at 10-11.

 We
review the factfinder=s
weighing of the evidence and cannot substitute our judgment for that of the
factfinder.  Cain, 958 S.W.2d at 407; Clewis, 922 S.W.2d at 135. 
Due deference must be given to the jury=s
determination, particularly concerning the weight and credibility of the
evidence.  Johnson, 23 S.W.3d at 9; Jones v. State, 944 S.W.2d
642 (Tex. Crim. App. 1996).  This court has the authority to disagree with the
factfinder=s
determination Aonly
when the record clearly indicates such a step is necessary to arrest the
occurrence of a manifest injustice.@ 
Johnson, 23 S.W.3d at 9.

The
victim testified that she was ten years old and that she lived with her
grandmother.  The victim=s
grandmother was married to appellant=s
brother, David Taylor.  The victim testified that she was seven years old the
first time she had an encounter with appellant that made her uncomfortable.  
She was in her room at her grandmother=s
house listening to music, and appellant came into her room and Agot on top@ of her.  Appellant left
when someone called him to the other room.








The
victim testified that there was another incident about one month later when she
went with David and appellant to pick up food from a restaurant.  David got out
of the vehicle, and the victim and appellant remained inside of the vehicle. 
The victim was sitting in the backseat, and appellant turned around from the
passenger side of the front seat and told her to open her legs.  The victim
stated that appellant Atried
to put his hand through [her] skort.@ 
Appellant put his hand underneath the victim=s
skort and touched her private part.  David returned to the vehicle and told
appellant and the victim to come inside the restaurant.

The
victim stated that several weeks later there was another incident with
appellant.  She went with appellant to a drive-through convenience store in
David=s pickup to buy
cigarettes.  Appellant and the victim were in line at the drive-through with
the victim sitting in the passenger seat of the pickup.  The victim dropped
something in the floorboard, and when she bent down to pick it up, appellant Ayanked@ her toward him.  The
victim testified that appellant had unzipped his pants and that he forced her
to pull down his underwear.  Appellant then forced the victim=s head onto his penis, and
appellant=s penis went
inside of her mouth.  The victim told her mother that appellant was Amessing@ with her.  The victim also
told her school counselor, and soon after, she  was interviewed at the Children=s Advocacy Center.

Appellant
testified at trial and denied going to the restaurant with the victim and
David.  Appellant said that he did not touch the victim=s underwear through her skort.  Appellant
further denied going to the drive-through convenience store with the victim and
causing her mouth to touch his penis.








Appellant
argues that there was no evidence that the victim was not his spouse.  However,
on cross-examination, the State asked appellant if the victim was his spouse. 
Appellant responded, ANo,
she is not.@ 
Appellant also argues that the evidence is insufficient because the victim gave
inconsistent statements about the incidents.  Appellant questioned the victim
about her inconsistent statements at trial.  The victim acknowledged that she
initially did not tell the truth in her interview at the Children=s Advocacy Center because
she was scared.  The jury is the sole judge of the credibility of the witnesses
and the weight to be given their testimony. 
Tex. Code Crim. Proc. Ann. art. 36.13 (Vernon 2007), art. 38.04 (Vernon
1979).  The jury is the exclusive judge of the credibility of the witnesses and
the weight to be given their testimony.  Wesbrook v. State, 29 S.W.3d
103 (Tex. Crim. App. 2000).  We find that the evidence is legally and factually
sufficient to support appellant=s
convictions for aggravated sexual assault and indecency with a child. 
Appellant was not denied his due process rights.  We overrule the first and
fourth points of error.  

Appellant
argues in his second point of error that the State made improper statements
during voir dire.  A trial court has broad discretion over the process of
selecting a jury.  Barajas v. State, 93 S.W.3d 36, 38 (Tex. Crim. App.
2002).  We leave to the trial court=s
discretion the propriety of a particular question, and the trial court=s discretion will not be
disturbed on appeal absent an abuse of that discretion.  Sells v. State,
121 S.W.3d 748, 755 (Tex. Crim. App. 2003);  Barajas, 93 S.W.3d at 38. 
In voir dire examinations, great latitude should be allowed so that counsel for
both the State and the defense have a good and sufficient opportunity to assess
the relative desirability of the members of the venire.  Norton v. State,
930 S.W.2d 101, 103‑04 (Tex. App.CAmarillo
1996, pet. ref'd). 

Appellant
first complains of the State=s
comment, A[E]verybody
in here is going to think this is a horrible crime.  Okay.  You want only
people on the jury that think this is not a big deal?@  Appellant contends that the statement
assumes a crime has been committed.  Viewing the statement in context, the
State was responding to a prospective juror=s
comment that he had strong feelings about sexual abuse of children and was in
reference to the offense in general.  Moreover, appellant did not object to the
statement and, therefore, has not preserved his complaint for review.  Tex. R. App. P. 33.1(a)(1). 

Appellant
next complains of the statement:

You
might get to hear him.  And if you do get to hear him, then you can judge what
his motive would be, like why would he get up there and lie.

 

Again viewed in
context, the State was discussing appellant=s
right not to testify.  The State informed the jurors that they could not hold
it against appellant if he chose not to testify.  The State gave possible
explanations for why appellant might choose not to testify.  However, appellant
did not object to the statement and has not preserved his complaint for
review.  Rule 33.1(a)(1).








Appellant
next complains of the State=s
comments during voir dire about Amisconceptions@  of sexual abuse of
children.  Appellant objected that the State was testifying and going beyond
asking questions.  The trial court stated, AI
agree,@ and the State
agreed to rephrase.  Appellant did not request an instruction to disregard the
comment or seek a mistrial.  Appellant has not preserved this complaint for
review.  See Young v. State, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004). 
Appellant has not shown the trial court abused its discretion during the jury
selection process.  We overrule the second point of error.

In
his third, fifth, sixth, seventh, and eighth points of error, appellant
complains that the State=s
closing arguments during the guilt/innocence phase and the punishment phase
were improper.  Appellant complains of several instances where, he claims, the
State during its closing argument  improperly struck at appellant over counsel=s shoulders, engaged in
improper bolstering, attempted to invade the province of the jury, and engaged
in unfair tactics.  Appellant failed to object to any of the statements that he
complains about on appeal.  Appellant has not preserved his complaints for
appellate review.  Rule 33.1(a)(1).  Moreover, appellant has not shown any harm
by the statements.  We overrule Points of Error Nos. Three, Five, Six, Seven,
and Eight.  

The
judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

February 4, 2010

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.